UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

ILLINOIS TOOL WORKS INC.,

    Plaintiff

    v.                                                             Civil Action No. 11-cv-262

ELEKTROMANUFAKTUR ZANGENSTEIN
HANAUER GMBH & CO. KGAA,

    Defendant

___

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR
FOR A MORE DEFINITE STATEMENT**

___

        Defendant EMZ's brief falsely states that ITW's complaint alleges nothing more than that EMZ infringes by making, offering to sell or selling "latching mechanisms covered by one or more claims of the '424 Patent." EMZ's Statement of Facts (and its entire brief, for that matter) simply ignores the second sentence of paragraph 9 of the complaint, which states, "EMZ has sold and continue[s] to sell latching mechanisms covered by the '424 Patent to manufacturers of washing machines, including, but not limited to Whirlpool, with the knowledge that the latching mechanisms would be incorporated into washing machines sold in the United States and the state of Wisconsin." Rather than "failing to provide any more than a 'vague identification and without further context' of the 'latching device' that allegedly infringes the patent-in-suit," (p. 7), or "[l]acking any identification by ITW of the products that supposedly infringe," as EMZ subsequently argues (p. 8), the complaint alleges that the infringing products are latching mechanisms for washing machines sold to Whirlpool that EMZ knew were bound for the United States.

        Moreover, EMZ's professed inability to frame a responsive pleading or effectively prepare a defense (p. 8) suggests that the complaint was the first time EMZ learned that an unknown

{00460134.DOC \}

EMZ product was accused of infringing one of ITW's patents. This suggestion belies the fact that months before the complaint was filed, ITW's counsel provided EMZ's U.S. patent counsel with a claim chart detailing how a specific, pictured EMZ latch infringed the '424 Patent. (Fredrickson Declaration, Ex. A) EMZ's patent counsel replied with a letter providing a detailed rebuttal disputing ITW's infringement analysis. (Fredrickson Dec., Ex. B) More recently, EMZ's litigation counsel provided ITW with three prior art references it apparently believes are relevant to the validity of the '424 Patent. (Fredrickson Dec., Ex. C) Thus, EMZ's conduct demonstrates that it does not need additional detail in the complaint to be able to defend itself against ITW's charge of infringement.

## ARGUMENT

### A. ITW's Complaint States a Claim Upon Which Relief May Be Granted

EMZ is correct in looking to *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007) for guidance in determining the sufficiency of ITW's infringement allegations. "*McZeal* and its analysis based on Form 18 remains good law in that circuit until overruled." *Trading Technologies Intern., Inc. v. BCG Partners, Inc.,* 2011 WL 1706136, *2, n.1 (N.D. Ill. 2011). While it is true that a Rule 12(b)(6) motion to dismiss for failure to state a claim is a procedural question not pertaining to patent law, and is therefore governed by Seventh Circuit precedent, *id.* at *2, ITW is unaware of any Seventh Circuit decisions addressing the sufficiency of allegations of patent infringement. Nor is ITW aware of any published Federal Circuit decisions on the subject more recent than *McZeal*.

*McZeal* accepted the proposition that Form 18 provides a standard against which the sufficiency of allegations of patent infringement can be measured. 501 F.3d at 1356-57. According to the Federal Circuit in *McZeal*, "the patentee need only plead facts sufficient to

{00460134.DOC \} 2

place the alleged infringer on notice as to what he must defend," and a plaintiff "is not required to specifically include each element of the claims of the asserted patent." *Id.* The Federal Circuit's analysis in *McZeal* is consistent with the Seventh Circuit's approach to analyzing the sufficiency of pleadings in light of *Twombly* and *Iqbal*. To survive a motion to dismiss in the Seventh Circuit, "the complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010), (*quoting Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)). It is not necessary however, "to plead 'detailed factual allegations.'" 623 F.3d at 1146 (*quoting Iqbal*). A plaintiff is obligated to provide "only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir.2008)).

When measured against this standard, and the content of Form 18, the allegations of ITW's complaint plainly are sufficient to state a claim upon which relief may be granted. EMZ's motion repeatedly suggests that ITW made no more than "bald allegations concerning unspecified and generically-labeled 'latching mechanisms'" (p. 4), which would be sufficient measured against the contents of Form 18 generically identifying "electric motors" as infringing items. As noted above, however, ITW's allegations go further in specifying the articles alleged to infringe. Paragraph 9 of the complaint identifies the infringing articles not just as "latching mechanisms," but as latching mechanisms for washing machines. And not just generic, unidentified washing machines, but washing machines manufactured by Whirlpool and sold in the U.S and Wisconsin. These allegations are sufficient to give EMZ "fair notice of what the claim is and the grounds upon which it rests," *Reger Development,* 592 F.3d at 764, which is all

that the law requires.

Additionally, the correspondence between counsel for ITW and EMZ both before and after the complaint was filed demonstrates that it understands very well the basis of the infringement claims against it, including at least one specific latch. While the focus of motions to dismiss is generally limited to the complaint itself, the Seventh Circuit in *Reynolds,* explained that the recent Supreme Court decisions in *Twombly* and *Iqbal* "did not eliminate the plaintiff's opportunity to suggest facts outside the pleading . . . showing that a complaint should not be dismissed." 623 F.3d 1143, 1146; *see also Vance v. Rumsfeld*, 653 F.3d 591, 601 n.6 (7th Cir. 2011) ("A party whose pleading is being attacked on appeal under Rule 12(b)(6) may elaborate on his allegations so long as the elaborations are consistent with the pleading.") Accordingly, any doubt about the sufficiency of the allegations of the complaint is overcome by reference to the correspondence that demonstrates that EMZ has been provided with fair notice of the claim against it.

### B. EMZ Possesses Sufficient Knowledge Regarding the Basis of ITW's Claim to Answer the Complaint

With respect the alternative motion for a more definite statement, the correspondence between ITW and EMZ counsel eliminates any possible doubt that the motion should be denied. While motions for a more definite statement are generally disfavored, *Defined Space, Inc. v. Lakeshore East, LLC*, 2011 WL 3882714, *7 (N.D. Ill. 2011), according to Moore's Federal Practice,

> [T]he motion is even less well received when the movant simply seeks particularization of facts already known to it. Thus, in determining whether to grant a motion for more definite statement, the court often considers whether the movant has knowledge of the information sought. If the movant's existing knowledge enables it to file a responsive pleading, the court will often deny the motion

> even if the pleading arguably fit s the "vague and ambiguous" Rule 12(e) standard.

MOORE'S FEDERAL PRACTICE – CIVIL, § 12.36[3]. Thus, even if it were determined that the allegations of the complaint on its face were so vague or ambiguous that EMZ could not reasonably prepare a response (a proposition that ITW does not accept for the reasons explained above in connection with the motion to dismiss), the claim chart provided by ITW counsel to EMZ counsel and EMZ counsel's rebuttal establish that EMZ has ample knowledge to prepare and file a responsive pleading. The motion for a more definite statement should therefore be denied.

### C. The Allegations of the Complaint Establish Personal Jurisdiction Over EMZ Pursuant to Rule 4(k)(2)

In light of EMZ's challenge to personal jurisdiction, ITW bears the burden of establishing that jurisdiction exists. However, ITW "need only make out a prima facie case of personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). In evaluating whether the *prima facie* standard has been satisfied, the court is to accept the uncontroverted allegations in the complaint as true and resolve all disputes concerning relevant facts in plaintiff's favor. *Id. at 782.*

EMZ's does not controvert the following allegation, which therefore must be accepted as true for purposes of EMZ's motion:

> EMZ has sold and continue[s] to sell latching mechanisms covered by the '424 Patent to manufacturers of washing machines, including, but not limited to Whirlpool, with the knowledge that the latching mechanisms would be incorporated into washing machines sold in the United States and the state of Wisconsin.

Complaint, ¶ 9.

Rule 4, Fed.R.Civ.P., is the starting point for any personal jurisdiction analysis in federal court. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico,* 563 F.3d 1285, 1293 (Fed. Cir. 2009). Rule 4(k)(1) sets forth the general rule for establishing personal jurisdiction over defendants by reference to either the power of the courts of general jurisdiction of a state (Rule 4(k)(1)(A)), or personal jurisdiction specifically authorized by federal statute (Rule 4(k)(1)(B)). Rule 4(k)(2) grants a court the power to exercise personal jurisdiction over a defendant that is *not* subject to the jurisdiction of state courts in certain circumstances. Specifically, Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if (1) the claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction is consistent with due process. *Synthes,* 563 F.3d at 1293-94. EMZ's motion fails to give any consideration to Rule 4(k)(2), which, based on the present record, provides the authority for this court to exercise personal jurisdiction over EMZ.

With respect to the first requirement under Rule 4(k)(2), ITW's patent infringement claim plainly arises under federal law.

With respect to the second requirement, namely that EMZ is not subject to the jurisdiction in any state's courts of general jurisdiction, ITW is currently not in possession of any information that would lead it to conclude that EMZ has sufficient contacts with any single state that it would be subject to the jurisdiction of any state's courts of general jurisdiction. (It is conceivable that discovery might produce evidence of sufficient contacts with Wisconsin to satisfy Wisconsin's long arm statute, but such evidence is not currently available to ITW.) Nor has EMZ identified any other state in which it is subject to the courts of general jurisdiction. The Federal Circuit has determined that when determining whether personal jurisdiction is authorized

{00460134.DOC \}                                                6

under Rule 4(k)(2), the burden is on the defendant contesting jurisdiction to identify another state with which it has sufficient contacts to sustain personal jurisdiction in any the courts of general jurisdiction. *Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1413-14 (7th Cir. 2009). In the absence of evidence that EMZ has sufficient contacts to sustain personal jurisdiction in another state (there is none), ITW has satisfied its burden of proving that EMZ is not subject to jurisdiction in any state's courts of general jurisdiction.

With respect to the third requirement, that the exercise of personal jurisdiction does not violate due process, Rule 4(k)(2) "contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits." *Synthes,* 563 F.3d at 1295. Thus, an analysis of jurisdiction under 4(k)(2) must consider defendant's "contacts with the nation as a whole." *Id.* at 1296. EMZ has not offered any analysis of due process based on its contacts with the United States as a whole.

The Federal Circuit in *Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1350 (Fed.Cir.2003), applied a three factor test for determining whether a defendant is subject to specific jurisdiction consistent with due process. Under this test, the court must consider whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair. *Packless Metal Hose, Inc. v. Extek Energy Equipment (Zhejiang) Co. Ltd.*, 2011 WL 504048 (E.D. Tex. 2011), provides a helpful example of the application of this three part test.

In *Packless Metal Hose*, the defendant Extek was a Chinese manufacturer of heat pump coils with its principal place o f business in China. The plaintiff accused certain of Extek's coils of infringing its patents. The accused coils were manufactured in China, shipped to a

manufacturer in Michigan, where they were incorporated in heat pumps that were then sold throughout the United States, including Texas—the forum in question in *Packless Metal Hose.* The plaintiff also established that Extek was aware that the manufacturer that purchased its coils sold its heat pumps throughout the United States, including Texas. The court held that the defendant Extek had purposely directed its activities to residents of the forum (Texas) based on the fact that Extek purposefully shipped its product to a distributor in the United States with knowledge that the distributer was selling its product in Texas. 2011 WL 504048, *2. The allegations regarding EMZ's conduct in this case with respect to the U.S. as a whole parallel the conduct found to be sufficient to establish that Extek had purposely directed its activities toward the state of Texas. EMZ is alleged to have sold and continue to sell latching mechanisms covered by the '424 Patent to manufacturers of washing machines, specifically Whirlpool, with the knowledge that the latching mechanisms would be incorporated into washing machines sold in the United States. As in Packless Metal Hose, EMZ has purposely directed its activities toward the United States, satisfying the first of the three prongs of the *Electronics for Imaging* test.

The second prong, requiring that the claim arise out of or relate to those activities which are purposefully directed activities at the forum is easily satisfied as well. The accused latching mechanisms from which the infringement claim arises are the basis for concluding that EMZ has purposely directed its activities toward the forum.

Once the first two prongs have been satisfied, establishing a prima facie showing of minimum contacts, the burden shifts to the defendant to prove that the exercise of jurisdiction is constitutionally unreasonable. *Elecs. for Imaging,* 340 F.3d at 1350. EMZ has not offered any argument that the exercise of personal jurisdiction over it is unreasonable.

Accordingly, based on the record before the court, the allegations of the complaint

{00460134.DOC \}    8

establish that EMZ's contacts with the United States are sufficient to exercise personal jurisdiction over EMZ without offending due process.

## CONCLUSION

For the reasons stated above, ITW respectfully requests that EMZ's motion be denied in all respects.

Dated this 28th day of October, 2011.

          s/ John P. Fredrickson
John P. Fredrickson
Michael T. Griggs
BOYLE FREDRICKSON, S.C.
840 North Plankinton Avenue
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
Attorneys for Plaintiff