UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ILLINOIS TOOL WORKS INC.,

                 Plaintiff,

v.                                              Case No. 11-CV-262-JPS

ELEKTROMANUFAKTUR
ZANGENSTEIN HANAUER GmbH
& CO. KGaA,
                                              ORDER
                 Defendant.

On March 15, 2011, plaintiff Illinois Tool Works Inc. ("ITW") brought suit against defendant Elektromanufaktur Zangenstein Hanauer GmbH & Co. KGaA ("EMZ") for patent infringement. (Docket #1). On September 6, 2011, EMZ filed a motion to dismiss ITW's complaint for failure to state a claim upon which relief can be granted and for failure to allege personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). Alternatively, EMZ also moved for a more definite statement of ITW's claims against EMZ pursuant to Federal Rule of Civil Procedure 12(e). After allowing the parties an extension of time to brief the motion – in the hope that the parties would resolve the case without further court involvement – the parties have now fully briefed the court on the relevant issues related to the motion to dismiss and, as a result, the court is prepared to rule on the motion.

1.      Failure to State a Claim

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the plaintiff's complaint by asserting that the claimant failed to

state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), claimant's complaint must allege facts sufficient to "state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 557 F.3d 768, 771 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Pleaders must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 1129 S. Ct. at 1940. However, the court construes the complaint in the light most favorable to the claimant, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the claimant's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Yet, the court need not accept as true "legal conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Indeed, "[a] ruling concerning the legal sufficiency of the complaint is an appropriate determination to make in response to a motion to dismiss." *Sanner v. Board of Trade of City of Chicago*, 62 F.3d 918, 924 (7th Cir. 1995) (citing *Gomez v. Illinois State Board of Education*, 811 F.2d 1030, 1039 (7th Cir. 1987)). Moreover, "a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Bissessur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949). In addition, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Here, EMZ argues that ITW's allegations of patent infringement are ambiguous and conclusory because they fail to sufficiently and specifically identify any accused products that allegedly infringe the patent in suit – U.S.

Patent No. 5,520,424 ("424 patent"). EMZ contends that the complaint's reference to unspecified and generically-labeled "latching mechanisms" as the allegedly infringing product is not sufficient to provide EMZ fair or adequate notice as to what ITW's claim of infringement is and the grounds upon which it rests. On the other hand, ITW argues that the complaint is sufficiently plausible as it alleges that the infringing products are latching mechanisms for washing machines sold to manufacturers, such as Whirlpool, that EMZ knew were bound for the United States. (Compl. ¶ 9).

The question before the court, then, is whether identifying the infringing product as a latching mechanism for washing machines sold to manufacturers such as Whirlpool, who will then sell the washing machine in the United States, is sufficient to state a claim for relief. Several recent district court decisions have held that the factual allegations in a patent infringement complaint must identify the specific products accused. *See Hewlett–Packard Co. v. Intergraph Corp.*, 2003 WL 23884794 (N.D.Cal. Sept. 6, 2003) (dismissing without prejudice plaintiff's complaint that defendant's "software and hardware products" infringed the patent, because defendant implemented "150 core technology platforms" in "over 4000 end-use application products" and the allegations did not provide defendant with "fair notice" as to what claims to defend); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D.Cal. Sept. 14, 2009) (dismissing with leave to amend Apple's infringement counterclaims that identified "touch sensitive input devices or touchpads, including but not limited to the Smart–Pad" for "failure to allege sufficient facts" under *Twombly* and *Iqbal*); *In re Papst Licensing GMBH & Co. KG Litigation*, 602 F.Supp.2d 17, 19-20 (D. D.C. 2009) (holding that allegation

of "[u]pon information and belief, the [defendant] made, used, sold or offered to sell…digital cameras which infringe the Patents in Suit" was insufficient, because it "fail[ed] to include any facts in support of [the] bald allegation" of infringement); *see also Bender v. LG Electronics U.S.A., Inc.*, 2010 WL 889541, at *3 (N.D.Cal. Mar. 11, 2010) (finding "without identifying specific products or product parts, [the plaintiff] has not put Defendants on notice as to what products or parts are subject to the infringement claim.").

This court finds the authority referenced above persuasive and will, therefore, require a complaint to contain enough specificity to give the defendant notice of what products or aspects of products allegedly infringe the plaintiff's patent. In the case at hand, ITW's bare allegations of infringement are much like Apple's infringement allegations in the *Elan Microelectronics* case in the Northern District of California. There, Apple identified "touch sensitive input devices or touchpads, including but not limited to the Smart-Pad" as the infringing product, a description that the court found lacking in sufficient specificity. *Elan Microelectronics,* 2009 WL 2972374 at *2. Similarly, here, the plaintiff's only allegation of infringement consists of nothing more than a bare assertion that latching mechanisms, for washing machines manufactured by Whirlpool and other unspecified manufacturers, to be sold in the United States, constituted the infringing product. This pleading plainly falls within the prohibition against "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. Accordingly, on its own, the complaint fails to state a claim for relief.

ITW argues that because it followed the standard found in the Federal Rules, as demonstrated by the appended Form 18, entitled "Complaint for Infringement of Patent," its allegations are sufficient. However, much like other district courts considering this issue, this court finds it is difficult to reconcile the guidelines set forth in *Twombly* and *Iqbal* with Form 18 as it does not cover all manners of patent infringement. *See Elan Microelectronics,* 2009 WL 2972374 at *2; *Bender v. LG Electronics U.S.A., Inc.*, 2010 WL 889541, at *3; *Hewlett–Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, at *1. Accordingly, ITW's argument in this respect is unavailing.

Lastly, in opposing the motion to dismiss, ITW now references facts that support its allegation that EMZ infringed the 424 patent. Specifically, ITW asserts that during a course of correspondence both before and after the complaint was filed, ITW gave EMZ a claim chart detailing how a specific, pictured EMZ latch infringed the 424 patent. (Fredrickson Decl., Ex. A) (Docket #14). Because EMZ is on notice of ITW's more detailed allegations regarding EMZ's alleged infringement, ITW asserts that its bare-bones complaint is sufficient to state a claim. Though typically the court cannot consider documents outside the pleadings unless the court converts the defendant's Rule 12(b)(6) motion to one for summary judgment and allows both parties to submit additional evidentiary material of their own, *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993), the Seventh Circuit has recently made clear that, even after *Iqbal* and *Twombly*, plaintiffs may still suggest facts outside of the pleadings to show that their complaints should not be dismissed, so long as those facts are consistent with the complaint. *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143,

1146–47 (7th Cir. 2010). Accordingly, in light of the facts suggested to the court by plaintiff in opposition to the motion to dismiss, the court finds that ITW has pled sufficient factual material to state a plausible claim – that is, sufficient to put the defendant on notice of a plausible claim against it – and, therefore, the complaint should not be dismissed for failure to state a claim. Therefore, the court will deny EMZ's motion to dismiss pursuant to Rule 12(b)(6).

Moreover, the court will also deny EMZ's motion for a more definite statement. The additional facts presented by the plaintiff include evidence that EMZ has sufficient detail to be able to answer ITW's charge of infringement – namely correspondence from EMZ's counsel providing ITW with three prior art references it believes are relevant to the validity of the 424 patent and a detailed rebuttal disputing ITW's infringement analysis. (Fredrickson Decl., Exs. B and C).

2.  Personal Jurisdiction

Having determined that the complaint need not be dismissed for its failure to state a claim, the court now must determine whether it is obliged to dismiss the complaint for lack of personal jurisdiction. Federal Rule of Civil Procedure 12(b)(2) governs a motion to dismiss for lack of personal jurisdiction. When a defendant brings a Rule 12(b)(2) motion, the plaintiff has the burden of proving personal jurisdiction. *Dorf v. Ron March Co.*, 99 F.Supp.2d 994, 996 (E.D.Wis. 2000). The burden, however, is not a heavy one. *Johnson Worldwide Assoc., Inc. v. Brunton Co.*, 12 F.Supp.2d 901, 906 (E.D.Wis. 1998). A plaintiff need only make a prima facie showing of the existence of personal jurisdiction for discovery to be permitted. *Id.*; *Cent. States, Se. and*

*Sw. Areas Pension Fund v. Phencorp Reinsurance Co., Inc.,* 440 F.3d 870, 877–78 (7th Cir. 2006). In determining whether personal jurisdiction exists, the court may rely on the complaint, affidavits, deposition testimony, exhibits, or other evidence in the record. *Schimpf v. Gerald, Inc.,* 2 F.Supp.2d 1150, 1160 (E.D.Wis.1998). The court must draw all inferences from the record in plaintiff's favor. *PKWare, Inc. v. Meade,* 79 F.Supp.2d 1007, 1011 (E.D.Wis. 2000). Lastly, a conclusion that the plaintiff has established a prima facie case of personal jurisdiction does not relieve the plaintiff from proving jurisdictional facts at the summary judgment stage or at trial. *See O'Hare Int'l Bank v. Hampton et al.,* 437 F.2d 1173, 1176 (7th Cir.1971).

Here, plaintiff relies solely on Federal Rule of Civil Procedure 4(k)(2) to support personal jurisdiction over the defendant. Rule 4(k)(2) provides: "[f]or a claim that arises under federal law, serving a summons ... establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed.R.Civ.P. 4(k)(2). Thus, Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if: (1) the plaintiff's claim arises under federal law; (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (3) the exercise of jurisdiction comports with due process. *Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 940-41 (7th Cir. 2000).

Here, ITW is suing for patent infringement under the Patent Laws of the United States. Therefore, the first condition is met. EMZ does not argue that jurisdiction is not proper in some state besides Wisconsin, so the court

will assume that if jurisdiction is not proper in Wisconsin, it is not proper in any other state. Accordingly, the only remaining question is whether personal jurisdiction in these circumstances would be constitutional.

First, it is significant to note that Rule 4(k)(2) serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process. *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009). Thus, the forum, for purposes of this analysis, is the United States. In order for personal jurisdiction to be proper, a defendant must have purposefully established minimum contacts with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). The generalized foreseeability of the defendant's action causing harm in the forum is not sufficient for the exercise of jurisdiction. *Id.* at 474. Instead, whether the defendant's conduct and connection with the forum are such that it should reasonably anticipate being hailed into court there is the crucial inquiry. *Id.; RAR, Inc. v. Turner Diesel*, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997). To establish as much, the defendant must have purposefully availed itself of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws. *Burger King,* 471 U.S. at 474-75; *RAR,* 107 F.3d at 1277. Once minimum contacts have been shown to exist, a court must examine other factors, such as the forum's interest in adjudicating the dispute and the burden on the defendant, to determine whether the exercise of personal jurisdiction satisfies traditional notions of fair play and substantial justice. *Burger King,* 471 U.S. at 476-77. In certain limited circumstances, these factors may show that a forum has such

a strong interest in adjudicating a dispute that a lesser showing of minimum contacts than is normally the case may suffice for jurisdiction. *Id.* at 477. To exercise specific personal jurisdiction, the plaintiff's cause of action must arise out of or be related to these minimum contacts that sufficiently comport with fairness and justice. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984); *RAR*, 107 F.3d at 1277.

With respect to the issue of personal jurisdiction, the parties have provided the court very little with which to work. Neither side, for instance, has submitted affidavits or other evidence to support or oppose personal jurisdiction over EMZ. Indeed, the only factual allegation set forth by the plaintiff in support of the court's jurisdiction over EMZ is the following:

> EMZ has sold and continue[s] to sell latching mechanisms covered by the '424 Patent to manufacturers of washing machines, including, but not limited to Whirlpool, with the knowledge that the latching mechanisms would be incorporated into washing machines sold in the United States and the State of Wisconsin.

(Compl. ¶ 9). Because the defendant has not submitted any evidence disputing that it had knowledge that its allegedly infringing latching mechanisms would be incorporated into washing machines sold in the United States, the court must assume this fact to be true for purposes of the personal jurisdiction analysis. Accordingly, the main issue for the court to determine is whether a patentee's knowledge that its product would be incorporated into washing machines sold in the United States can be viewed as purposefully directing its activities toward the United States.

The Supreme Court's decision in *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 112-13 (1987), makes

clear that such knowledge does not constitute an act of the defendant purposefully directed toward the forum. The *Asahi* court specifically stated that "a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State." *Id.* Instead, due process requires additional conduct of the defendant to indicate an intent or purpose to serve the market of the forum, such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State." *Id.* Accordingly, ITW's bare assertion that EMZ had knowledge its latching mechanisms would end up in the United States because it sold the product to manufacturers who would inevitably sell their washing machines in the United States is not enough to establish personal jurisdiction over EMZ. Therefore, the court will grant EMZ's motion to dismiss the complaint for lack of personal jurisdiction.

Accordingly,

IT IS ORDERED that defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and/or 12(b)(2) (Docket #7) be and the same is hereby GRANTED in part and DENIED in part; the defendant's motion to dismiss for failure to state a claim is DENIED; the defendant's motion to dismiss for lack of personal jurisdiction is GRANTED;

IT IS FURTHER ORDERED that defendant's alternative motion for a more definite statement under Federal Rule of Civil Procedure 12(e) (Docket #7) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that plaintiff's complaint (Docket #1) be and the same is hereby DISMISSED without prejudice for lack of personal jurisdiction over the defendant.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge